UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ECF CASE

LUIS QUINONES

COMPLAINT

Plaintiff,

Jury Trial Demanded

-against-

KEYSTONE ELECTRONICS CORP., AND
TROY DAVID, As CEO, And Individually

Defendants.

---

Plaintiff, **LUIS QUINONES**, by his attorney, **LEE NUWESRA**, complaining of Defendants **KEYSTONE ELECTRONICS CORP, AND TROY DAVID**, **As CEO**, **And Individually** respectfully alleges as follows:

## NATURE OF THE ACTION

1.    This is an action by Plaintiff against Defendants, Keystone Electronics Corporation, and Troy David, Individually, for National Origin/Ethnicity Discrimination, and Retaliation in violation of 42 U.S.C. § 1981. Mr. Quinones also brings Claims against Defendants for violations of the New York State Human Rights Laws for National Origin, Race/Ethnicity, Age Discrimination and Retaliation, in Violation of New York State Human Rights Law (NYSHRL), Executive Law §§ 290 et seq.

2.    Plaintiff further seeks costs and attorneys' fees, authorized by 42 U.S.C. § 1981, and other relevant Statutes.

## JURISDICTION AND VENUE

3.    The jurisdiction of the Court over this controversy as to enforcement of the provisions of 42 U.S.C. § 1981, is based upon 28 U.S.C. §1331.

4.     Supplemental jurisdiction of the Court over the State Claims brought under the New York State Human Rights Laws, are based on 28 U.S.C. § 1367(a).

5.     Defendants conduct business in this District, and the unlawful employment practices alleged below were committed within this District.  Accordingly, venue lies within the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

6.     Mr. Quinones is a citizen of New York State, residing in the Bronx County.

7.     Upon information and belief, at all times hereinafter mentioned, Defendant Keystone Electronics Corp. **(hereinafter, "Defendant" or "Keystone")**, was and still is a Corporation, duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located at 55 S. Denton Avenue; New Hyde Park, NY 11040.

8.     Upon information and belief, Defendant Troy David **(hereinafter "Defendant" or "David)**, was/is a citizen of New York State.

9.     Upon information and belief, during the relevant time period, Defendant David was the Owner Operator of Defendant Keystone and one of Plaintiff's Supervisors.  Accordingly, he was an employer under 42 U.S.C. §1981 and the NYSHRL.

## STATEMENT OF FACTS

10.    At all relevant times hereinafter mentioned, Plaintiff Luis Quinones **(hereinafter "Plaintiff" or "Quinones")**, was employed by Defendants from on or about June 2016 to July 19, 2024.

11.    At the time of his termination, Plaintiff was 63 years old. Mr. Quinones is of Puerto Rican National Origin, Race/Ethnicity.

12.    During his tenure with Defendants, Plaintiff was a Tool and Dye Maker.

2

13.	Plaintiff's work performance, time and attendance were satisfactory, at all relevant times.

14.	Initially and for approximately 2 years, Plaintiff worked at Defendants' Queens Location. Thereafter, Defendants relocated to New Hyde Park, on Long Island, where Plaintiff continued to work with Defendants until the time of his termination.

15.	During the last months of Plaintiff's tenure, Defendants began replacing its older non-unionized workers with significantly younger employees who were not of Puerto Rican descent.

16.	For instance, Plaintiff was replaced by a much younger employee (thirty-something), namely Mr. Yogi.  Upon information and belief, Mr. Yogi is of East Indian Ethnicity.

17.	During his tenure, Plaintiff repeatedly asked to be trained to keep up with the changing technology. However, Defendants denied him this opportunity.

18.	Rather, Mr. Yogi was brought on board and given preference in the training and upkeep with technology over Plaintiff.

19.	After realizing that Defendants were treating other younger non-Puerto Rican employees more preferentially; Plaintiff complained to Defendants that he was being discriminated against because of his Age and Ethnicity. Mr. Quinones also complained about derogatory Ethnic and Ageist remarks made towards him.

20.	Plaintiff was subjected to such discriminatory comments as **"you cannot, trust a Puerto Rican"**, and that **"you should retire because you are getting old"**; by his Supervisors Marcel Jovina and Thomas Voytac. Both Supervisors are White and significantly younger than Plaintiff.

21.	Shortly thereafter, on July 19, 2024, after returning from a scheduled vacation, Plaintiff was summarily terminated, by Ms. Ann Marie Mohammed.

22.	Ms. Mohammed was/is Defendant's Director of Accounting and Human Resources.  Upon information and belief, Ms. Mohammed is 50 years of age, and of East Indian/Pakistani Ethnicity.

**DAMAGES**

23.    As a direct and proximate consequence of Defendants' intentional and unlawful conduct, Plaintiff suffered loss of wages and benefits, other non-pecuniary losses, including but not limited to emotional pain, anxiety and had to incur expenses, including attorney's fees and costs.

**AS FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1981**
**(National Origin/Ethnicity and Retaliation Discrimination by Defendants)**

24.    Plaintiff Luis Quinones re-pleads and re-avers each and every one of the allegations set forth in Paragraphs 1-23 of the Complaint with the same force and effect as if each was fully set forth herein.

25.    Plaintiff is Hispanic of Puerto Rican descent.  As such, he is a member of a protected class under 42 U.S.C. § 1981.

26.    From June 2016 to July 2024, Plaintiff was employed by Defendants, as a Tool and Dye Maker. During his tenure, Plaintiffs work performance, time and attendance were satisfactory.

27.    During his tenure, Plaintiff repeatedly asked to be trained to keep up with the changing technology. However, Defendants denied him this opportunity.

28.    During the last few months of Plaintiff's tenure, Mr. Quinones noticed that non-Puerto Ricans were given preferential treatment over him.

29.    For instance, Mr. Yogi of East Indian background was brought on board and given preference in the training over Plaintiff, eventually replacing him.

30.    After realizing that Defendants were treating other younger non-Puerto Ricans more preferentially; Plaintiff complained to Defendants that he was being discriminated against because of Ethnicity, amongst others. Mr. Quinones also complained about derogatory Ethnic and other discriminatory remarks made towards him.

4

31.　Shortly thereafter, on July 19, 2024, after returning from a scheduled vacation, Plaintiff was summarily terminated in retaliation for engaging in protected activity, as well as his National Origin/Ethnicity.

32.　In intentionally taking the above discriminatory and retaliatory action against Plaintiff, Defendants violated his rights under 42 U.S.C. § 1981.

**AS FOR A SECOND CAUSE OF ACTION: NYSHRL**
**(National Origin, Race/Ethnicity, Age and Retaliation Discrimination)**

33.　Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1- 32 of the Complaint with the same force and effect as if each was fully set forth herein.

34.　Plaintiff is Hispanic, of Puerto Rican descent, and was 63 years of age, who engaged in protected activity, at the time of his termination. As such, he is a member of a protected class under New York State Human Rights Law, as it relates to Retaliation, National Origin, Race/Ethnicity and Age Discrimination.

35.　From June 2016 until July 2024, Plaintiff was employed by Defendants, as a Tool and Dye Maker. During his tenure, Plaintiff's work performance, time and attendance were satisfactory.

36.　During his tenure, Plaintiff repeatedly asked to be trained to keep up with the changing technology. However, Defendants denied him this opportunity.

37.　During the last few months of Plaintiff's tenure, Defendants began replacing its older non-unionized workers with significantly younger employees.

38.　For instance, Plaintiff was replaced by a non-Puerto Rican much younger employee (thirty-something), namely Mr. Yogi. Upon information and belief, Mr. Yogi is of East Indian Ethnicity.

39.　After realizing that Defendants were treating other younger non-Puerto Rican employees more preferentially; Plaintiff complained to Defendants that he was being discriminated against

because of his Age and Ethnicity. Mr. Quinones also complained about derogatory Ethnic and Ageist remarks made towards him, by his supervisors.

40.    Shortly thereafter, on July 19, 2024, after returning from a scheduled vacation, Plaintiff was summarily terminated, on account of his Ethnicity, Age and in Retaliation for complaining.

41.    Defendants' discriminatory treatment of Plaintiff on account of his National Origin, Race/Ethnicity, Age and in Retaliation for engaging in protected activity was intentional, and in violation of the NYSHRL, Executive Law §§ 290 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Luis Quinones, hereby respectfully requests that a declaratory judgment be entered on his behalf and against Defendants, as follows:

(A)    As to the First and Second Causes of Action, that Defendants discriminated against Plaintiff, and award him back pay and lost benefits, reinstatement, compensatory and punitive damages, attorney's fees as well as costs and disbursements, pursuant to 42 U.S.C. § 1981 NYSHRL, and other relevant statutes.

(B)    For such other and further relief that seems just and proper to this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury in this action.

Dated:  Westchester, New York
        March 3, 2025

Respectfully submitted,
_____/s/_____
Lee Nuwesra (LN 5851)
Attorney for the Plaintiff
16 Westminster Drive
Croton On Hudson, NY 10520
Tel. #: (845) 553-3238
lnuwesra@optonline.net